IN RE the MARRIAGE OF: Shirley A. PRATSCH, Petitioner-Appellant,

v.

Robert M. PRATSCH, Respondent-Respondent.

Court of Appeals

*No. 96–0262. Submitted on briefs January 15, 1996.—Decided April 2, 1996.*

(Also reported in 548 N.W.2d 852.)

On behalf of the petitioner-appellant, the cause was submitted on the motion of *Harvey G. Samson* of *Block, Seymour and Samson* of Appleton, and *Betsy S. Anding,* co-counsel of Minneapolis, MN.

On behalf of the respondent-respondent, the cause was submitted on the response of *Jeffrey F. Jaekels* of *Soquet, Wanezek, Umentum & Jaekels, S.C.* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

PER CURIAM. Shirley A. Pratsch has filed a "motion to determine [the] date of filing of Notice of Appeal." Shirley asks this court to determine that her notice of appeal was filed on January 4, 1996. The respondent, Robert M. Pratsch, opposes the motion. The motion raises the question of whether a notice of appeal may be filed by facsimile transmission. We conclude that it may not, and therefore, dismiss this appeal for lack of jurisdiction.

Several affidavits have been filed with this court.[1] Those affidavits establish the following chronology. A

---

[1] Affidavits have been submitted by Lynn M. Verheyen, the Clerk of Courts for Brown County, Jeanne A. Ramsden, the Chief Deputy Clerk of Courts for Brown County, and Shirley's attorney, Attorney Betty S. Anding.

final judgment was entered on November 20, 1995. An accurate notice of entry of judgment was filed on November 29, 1995. Therefore, the final day for filing a timely notice of appeal was January 4, 1996. *See* § 808.04(1), STATS. ("An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given within 21 days of the judgment or order as provided in s. 806.06(5). . .").

On January 4, 1996, Shirley's attorney, whose office is in Edina, Minnesota, telephoned the Brown County Clerk of Courts. The attorney asked an employee of that office whether a notice of appeal could be filed by facsimile transmission. The attorney was told that a notice of appeal could be filed in that fashion, providing that the original notice of appeal and the filing fee arrived the following day. The attorney then faxed a notice of appeal to the Brown County Clerk of Courts.[2]

The next day, the Brown County Clerk consulted with persons in the Court of Appeals Clerk's Office. After that discussion, the Brown County Clerk contacted Shirley's attorney and advised her that a notice of appeal could not be filed by facsimile transmission. An express mail envelope from the Edina law firm arrived at the clerk's office on January 5, 1996. It was returned to the firm, unopened. Eventually, another notice of appeal was sent to the Brown County Clerk's office.[3] The filing of this motion and affidavits ensued.

---

[2] The precise time of transmission and receipt is disputed. We need not resolve that factual dispute.

[3] It appears that the notice of appeal received on January 4 was discarded after the clerk determined that a facsimile filing was ineffective.

The precise question of whether a notice of appeal can be filed by facsimile transmission has not yet been decided by this court. The general topic, however, was addressed by the supreme court when it created § 801.16(2), STATS. That rule provides:

> (2) For papers that do not require a filing fee:
> (a) A court may adopt a local rule, if it is approved by the chief judge, that requires the use of a plain-paper facsimile machine and permits the filing of those papers by facsimile transmission to the clerk of circuit court.
> (b) If no rule has been adopted under par. (a), a judge may permit a party or attorney in a specific matter to file those papers with the clerk of circuit court by facsimile transmission to a plain-paper facsimile machine.
> (c) The party or attorney, by filing papers by facsimile transmission, certifies that permission of the judge or court for filing by facsimile transmission has been granted. Papers filed by facsimile transmission are considered filed when transmitted except that papers filed by facsimile transmission completed after regular business hours of the clerk of court's office are considered filed the next business day.

■

Although awkwardly constructed, § 801.16(2), STATS., plainly means that only those papers that do not require a filing fee may be filed by facsimile transmission. The Judicial Council Note, 1991, confirms that interpretation: "Sub. (2) clarifies that papers (other than those requiring a filing fee) may be filed by facsimile transmission to the judge or clerk, if a local court rule, or the judge in a specific matter, so permits." A notice of appeal is a paper that requires the

payment of a filing fee. RULE 809.25(2)(a)1. Therefore, § 801.16(2), does not permit the filing of a notice of appeal by facsimile transmission.

We note that "filing under sec. 809.10 means physical delivery of the notice of appeal to and receipt by the clerk of the trial court." *Boston Old Colony Ins. Co. v. International Rectifier Corp.,* 91 Wis. 2d 813, 822, 284 N.W.2d 93, 97 (1979). In one sense, the clerk of the trial court received the notice of appeal when the facsimile transmission occurred on January 4, 1996. However, we conclude that *Boston Old Colony* does not answer this issue because it predated facsimile technology and the creation of § 801.16(2), STATS. Section 801.16(2) represents an explicit exception to the general rule set forth in *Boston Old Colony.*

In her motion, Shirley emphasizes the fact that the Brown County Clerk of Courts told her attorney that a facsimile filing was acceptable. Implicit in her motion is the notion of "justifiable reliance" on the clerk's representation. Such an estoppel argument is not persuasive. The failure to timely file a notice of appeal deprives this court of subject matter jurisdiction. RULE 809.10(1)(b), STATS. The concepts of waiver and estoppel are not material when we are determining whether subject matter jurisdiction exists. *See State ex rel. Gaudynski v. Pruss,* 233 Wis. 600, 606, 290 N.W. 189, 192 (1940).[4]

---

[4] We also reject one of the arguments made by Robert in opposition to the motion. He contends that the notice of appeal could not be "filed" on January 4, 1996 because the docketing fee was not also received by the clerk of courts on that day. That argument is defeated by *Douglas v. Dewey,* 147 Wis. 2d 328, 336, 443 N.W.2d 243, 245 (1989), in which the supreme court

Because the appellant did not properly file a notice of appeal within forty-five days from the entry of the judgment, this court lacks jurisdiction over the appeal.

*By the Court.*—Appeal dismissed.

held that the timely submission of fees was not a jurisdictional requirement.