IN RE the COMMITMENT OF Ronald G. SORENSON:

STATE of Wisconsin, Petitioner-Respondent,

v.

Ronald G. SORENSON, Respondent-Appellant-
Petitioner.

Supreme Court

*No. 98–3107. Oral argument November 3, 1999.—Decided
May 26, 2000.*

2000 WI 43

(Also reported in 611 N.W.2d 240.)

650

For the respondent-appellant-petitioner there were briefs by *T. Christopher Kelly* and *Thomas, Kelly, Habermehl & Mays, S.C.*, Madison and oral argument by *T. Christopher Kelly*.

For the petitioner-respondent the cause was argued by *Warren D. Weinstein*, attorney general with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. DAVID T. PROSSER, J. This is a review of an unpublished decision of the court of appeals that dismissed the appeal of Ronald G. Sorenson (Sorenson).[1] The court of appeals found that it lacked jurisdiction to hear the appeal because Sorenson did not file a notice of appeal in a timely manner.

¶ 2. Sorenson attempted to appeal an order by the Circuit Court for Juneau County, John W. Brady, Judge, that committed Sorenson as a sexually violent person under Wis. Stat. § 980.05. Sorenson's attorney transmitted the notice of appeal via facsimile machine to the office of the clerk of the circuit court on the last calendar date permitted for filing the notice. He concurrently mailed the original copy of the notice to the clerk's office, and the clerk received that mailed document one day after the filing deadline.

¶ 3. The court of appeals concluded that it lacked jurisdiction because Sorenson's notice of appeal was not timely filed. The court found that the facsimiled transmission did not constitute a filing of a notice of appeal under *Pratsch v. Pratsch*, 201 Wis. 2d 491, 548

---

[1] *State v. Sorenson*, No. 98–3107, unpublished slip op. (Wis. Ct. App. Jan. 7, 1999).

N.W.2d 852 (Ct. App. 1996). *Pratsch* held that Wis. Stat. § 801.16(2) prohibits the filing of a notice of appeal by facsimile because a notice of appeal is a paper that requires a filing fee. *Id.* at 494–95. Under the rule, only papers that do not require a filing fee may be filed by facsimile.[2] *Id.*

¶ 4. Sorenson contends, however, that as an indigent person, he was exempted from fee payments by Wis. Stat. § 814.29(1)(d)2.[3] Therefore, he was not required to submit a filing fee to initiate his appeal. Because he was not required to submit a filing fee for his papers, he was allowed under Wis. Stat. § 801.16(2)

[2] Wisconsin Stat. § 801.16(2) provides:

(2) For papers that do not require a filing fee:

(a) A court may adopt a local rule, if it is approved by the chief judge, that requires the use of a plain-paper facsimile machine and permits the filing of those papers by facsimile transmission to the clerk of circuit court.

(b) If no rule has been adopted under par. (a), a judge may permit a party or attorney in a specific matter to file those papers with the clerk of circuit court by facsimile transmission to a plain-paper facsimile machine.

(c) The party or attorney, by filing papers by facsimile transmission, certifies that permission of the judge or court for filing by facsimile transmission has been granted. Papers filed by facsimile transmission are considered filed when transmitted except that papers filed by facsimile transmission completed after regular business hours of the clerk of court's office are considered filed the next business day.

All statutory references are to the 1997–98 volume of the Wisconsin Statutes unless indicated otherwise.

[3] Wisconsin Stat. § 814.29(1)(d)2 states costs and fees are not required upon a showing: "That the person is represented by an attorney through a legal services program for indigent persons, including, without limitation, those funded by the federal legal services corporation, the state public defender or volunteer attorney programs based on indigency."

to transmit the notice of appeal by facsimile transmission. Sorenson consequently maintains that he satisfied the statutory requirements for the timely filing of a notice of appeal.

¶ 5. This court granted Sorenson's petition for review to decide one discrete issue, namely whether Wis. Stat. § 801.16(2), under which "papers that do not require a filing fee" may be filed by facsimile transmission, permits indigent parties to file a notice of appeal by facsimile. We hold that a notice of appeal may be filed by facsimile transmission because a notice of appeal is not a paper that requires a filing fee to confer jurisdiction. The court of appeals obtained jurisdiction over this appeal when the clerk of the circuit court received Sorenson's facsimiled notice of appeal within the statutorily prescribed time frame. Accordingly, we reverse the decision of the court of appeals.

## FACTS AND PROCEDURAL HISTORY

¶ 6. For purposes of this review, the pertinent facts are not in dispute. On April 2, 1998, a jury found Sorenson a sexually violent person pursuant to Wis. Stat. § 980.05. At a July 29, 1998, disposition hearing, the Juneau County Circuit Court entered the judgment of the jury and issued a commitment order. The order required that Sorenson be committed to institutional care in a secure mental health unit or other facility.

¶ 7. Sorenson, who is indigent, sought to appeal the order of commitment. On August 7, 1998, the office of the State Public Defender appointed a Madison-based attorney to represent Sorenson in the appeal.

¶ 8. The parties agree that the notice of appeal was due no later than October 27, 1998. On the morning of October 27, 1998, Sorenson's attorney transmitted the notice of appeal via facsimile to the

office of the Clerk of Circuit Court for Juneau County. In the cover letter accompanying the facsimiled notice of appeal, Sorenson's attorney stated that he made the filing by way of facsimile "[p]ursuant to my discussion with a clerk in your office today." The cover letter also indicated that the attorney transmitted the same document via facsimile to opposing counsel: The letter noted that the attorney sent it "via facsimile & U.S. Mail" and copied both the office of the District Attorney and the office of the Attorney General.

¶ 9. The notice of appeal addressed Sorenson's intent to appeal the final judgment entered by the Juneau County Circuit Court. It specified that the judgment order committed Sorenson as a sexually violent person to the custody of the Department of Health and Social Services.[4] The notice also stated that Wis. Stat. § 752.31(2) did not apply to this appeal,[5] and it declared that this was not an appeal entitled to preference by statute.

¶ 10. The time stamp on the facsimile transmission reveals that the facsimile arrived at the clerk's office at 11:18 a.m. on October 27, 1998. The clerk of court stamped the facsimiled notice of appeal with the October 27, 1998, date, and the Juneau County Criminal Court Record notes that a "Notice of Appeal—Fax Copy" reached the office on that day. That same day, the clerk of court transmitted a copy of the notice of appeal to the Clerk of the Court of Appeals, indicating

[4] The Department of Health and Social Services was renamed the Department of Health and Family Services, effective July 1, 1996. 1997–98 *Wisconsin Blue Book*, at 419.

[5] Wisconsin Stat. § 752.31(2) specifies which cases shall be heard by one court of appeals judge, not a three-judge panel of the court of appeals.

that the notice of appeal was "filed herein on October 27, 1998."

¶ 11. Sorenson's attorney also mailed the notice of appeal on the same day he transmitted the filing by facsimile machine, and the clerk of court received the mailed document on October 28, 1998, one day after the filing deadline. The clerk's office stamped the mailed copy with the October 28, 1998, date, and the Juneau County Criminal Court Record marked the arrival of the notice of appeal on its log for October 28.

## PROCEDURAL HISTORY

¶ 12. The court of appeals directed the parties to prepare briefs addressing whether the filing of a notice of appeal by facsimile transmission is permitted in light of *Pratsch*. *Sorenson*, unpublished slip op. at 1. *Pratsch* held that Wis. Stat. § 801.16(2) "plainly means that only those papers that do not require a filing fee may be filed by facsimile transmission." *Pratsch*, 201 Wis. 2d at 494. The *Pratsch* court reasoned that § 801.16(2) precludes the filing of a notice of appeal via facsimile because another procedural statute, § (Rule) 809.25(2)(a)1, requires the payment of a filing fee for a notice of appeal.[6] *Id.* at 494–95.

¶ 13. Finding that Sorenson's appeal was not timely filed, the court of appeals held that it lacked jurisdiction to hear the appeal. *Sorenson*, unpublished slip op. 2. The court observed that *Pratsch* allows filing by facsimile transmission only of those types of papers that generically do not require a filing fee. *Id.* The court emphasized that its rule precluding the filing of notices

---

[6] Wisconsin Stat. § (Rule) 809.25(2)(a)1 provides: "(2) FEES. (a) The clerk of the court shall charge the following fees: 1. For filing an appeal, cross-appeal, petition for review, petition to bypass, or other proceeding, $150."

of appeal by facsimile transmission applied uniformly to all notices of appeal and did not turn on whether an individual appellant is required to pay the filing fee. *Id.* Because a notice of appeal may be filed before the court determines that an indigent appellant can proceed without the payment of filing fees, the court declined to endorse an "unworkable situation" in which the assessment of a particular appellant's eligibility to file a notice of appeal by facsimile transmission might not be made until after the notice of appeal actually is filed. *Id.*

### STANDARD OF REVIEW

¶ 14. This court has established the rules of civil procedure that govern the manner in which parties must initiate appeals. Wis. Stat. § (Rule) 809.84;[7] *Jadair Inc. v. United States Fire Ins. Co.*, 209 Wis. 2d 187, 194, 200, 562 N.W.2d 401 (1997). The issue in this case, whether Wis. Stat. § 801.16(2) allows indigent parties to file a notice of appeal by facsimile transmission, requires us to interpret a court rule.

¶ 15. When we interpret court rules, this court turns to the rules of statutory construction for guidance. *Jadair*, 209 Wis. 2d at 194. The interpretation of a court rule, like statutory interpretation, is a question of law that we review independently without deference to the lower courts. *Id.* The goal of statutory interpretation is to ascertain and give effect to the intent of the

---

[7] Wisconsin Stat. § (Rule) 809.84, Applicability of rules of civil procedure, states: "An appeal to the court is governed by the rules of civil procedure as to all matters not covered by these rules unless the circumstances of the appeal or the context of the rule of civil procedure requires a contrary result."

legislature. *Lake City Corp. v. City of Mequon*, 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997). Similarly, in interpreting court rules, we seek to reach a result consistent with the manifest intent of this court. *County of Door v. Hayes-Brook*, 153 Wis. 2d 1, 21–22, 449 N.W.2d 601 (1990) (Abrahamson, J., concurring). If the manifest intent of this court is clear from the plain language of a rule, we give effect to that intent and look no further. *Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996); *see also State v. Williams*, 198 Wis. 2d 516, 525, 544 N.W.2d 406 (1996). On the other hand, if a procedural rule is ambiguous, we are likely to construe it liberally so as to encourage a resolution of the controversy on the merits. *See DOT v. Peterson*, 226 Wis. 2d 623, 633, 594 N.W.2d 765 (1999) (citing *Kyncl v. Kenosha County*, 37 Wis. 2d 547, 555–56, 155 N.W.2d 583 (1968); *State v. Rosen*, 72 Wis. 2d 200, 204–05, 240 N.W.2d 168 (1976)).

## ANALYSIS

¶ 16. We begin our analysis by considering how an appellate court secures jurisdiction over an appeal. A party must file a notice of appeal to initiate an effective appeal. Wis. Stat. § (Rule) 809.10(1)(a).[8] A notice

---

[8] Wisconsin Stat. § (Rule) 809.10, Initiating the appeal, provides:

(1) NOTICE OF APPEAL. (a) Filing. A person shall initiate an appeal by filing a notice of appeal with the clerk of the trial court in which the judgment or order appealed from was entered and shall specify in the notice of appeal the judgment or order appealed from, whether the appeal is in one of the types of cases specified in s. 752.31(2), and whether the appeal is one of those to be given preference in the circuit court or court of appeals pursuant to statute. The person at the same time shall notify the court of appeals of the filing of the appeal by sending a copy of the notice of appeal to the

of appeal is a signed paper that contains certain required pieces of information and alerts the opposing party, the circuit court, and the court of appeals of a party's intention to seek recourse from a court judgment or order.[9] *Jadair* 209 Wis. 2d at 201; 5 Am. Jur. 2d *Appellate Review* § 325 (1995). The timely filing of a notice of appeal is necessary to give the court of appeals subject matter jurisdiction over an appeal. Wis. Stat. § (Rule) 809.10(1)(b).[10] If a party fails to comply with the statutory requirements for filing a timely notice of appeal, the court of appeals lacks jurisdiction, and the

clerk of the court. The person shall also send the court of appeals an original and one copy of a completed docketing statement on a form prescribed by the court of appeals. The statement shall accompany the court of appeals' copy of the notice of appeal. The person shall also send a copy of the completed docketing statement to opposing counsel. Docketing statements need not be filed in criminal cases or in cases in which a party appears pro se.

[9] The parties in this case do not dispute that Sorenson's notice of appeal fulfilled the requirements for the necessary content of a notice of appeal. The facsimiled notice of appeal, and its subsequent transmittal to the court of appeals by the clerk of the circuit court, fulfilled its statutory goal of alerting the opposing party, the circuit court, and the court of appeals of Sorenson's intention to appeal the final decision of the commitment order. Sorenson's notice of appeal complied with the content requirements set forth by this court: (1) It specified the order or judgment from which Sorenson sought to appeal; (2) it addressed whether the appeal fell within Wis. Stat. § 752.31(2); and (3) it indicated whether the appeal should be given preference by statute. Wis. Stat. § (Rule) 809.10(1)(a); *see also* Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin* § 5.3 (David L. Walther et al., eds., 1986 ed.).

[10] Wisconsin Stat. § (Rule) 809.10(1)(b), Time for filing, provides that: "The notice of appeal must be filed within the time specified by law. The filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal."

court must dismiss the appeal as defective. Wis. Stat. § (Rule) 809.10(1)(b); *see also* Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin* § 5.2 (David L. Walther et al., eds., 1986 ed.).

¶ 17. Our rules do not define what constitutes a "filing." Usually, a clerk stamps a notice of appeal "filed" on the date the paper comes into the clerk of circuit court's office, and the date stamped on the notice serves as the date of filing. *Boston Old Colony Ins. Co. v. International Rectifier Corp.*, 91 Wis. 2d 813, 822, 284 N.W.2d 93 (1979). Despite this common practice, the date stamped on the notice of appeal does not speak conclusively to the date of filing. *Id.* at 824. Rather, this court has determined that a notice of appeal is "filed as of the date that the notice of appeal is actually received by the clerk [of the circuit court]." *Douglas v. Dewey*, 147 Wis. 2d 328, 335, 433 N.W.2d 243 (1989) (quoting *Boston Old Colony Ins. Co.*, 91 Wis. 2d at 822).

¶ 18. We have also determined that payment of a filing fee for an appeal is not a jurisdictional requirement. *Id.* at 336. Hence, failure to make payment at the time of filing the notice of appeal is not fatal to an appeal. *Id.* at 336–37. The only document that the clerk of the circuit court must receive within the statutorily prescribed time frame is the notice of appeal itself. *Id.*

¶ 19. There is no dispute that the office of the clerk actually received the facsimile transmission on October 27, 1998, the statutory deadline for the filing of Sorenson's notice of appeal. Moreover, under our holding in *Douglas*, 147 Wis. 2d at 336–37, the fact that a filing fee did not accompany the facsimiled notice of appeal had no impact on the timeliness of the filing. As

a result, the court of appeals obtained jurisdiction over the appeal in this case *if* the applicable rules permitted a notice of appeal to be filed by facsimile transmission.

¶ 20. The State contends, however, and the court of appeals held, that Wis. Stat. § 801.16(2) and *Pratsch* prohibit the filing by facsimile transmission of papers that require a filing fee. Wisconsin Stat. § 801.16(2) states that:

(2) *For papers that do not require a filing fee:*

(a) A court may adopt a local rule, if it is approved by the chief judge, that requires the use of a plain-paper facsimile machine and permits the filing of those papers by facsimile transmission to the clerk of circuit court.

(b) If no rule has been adopted under par. (a), a judge may permit a party or attorney in a specific matter to file those papers with the clerk of circuit court by facsimile transmission to a plain-paper facsimile machine.

(c) The party or attorney, by filing papers by facsimile transmission, certifies that permission of the judge or court for filing by facsimile transmission has been granted. Papers filed by facsimile transmission are considered filed when transmitted except that papers filed by facsimile transmission completed after regular business hours of the clerk of court's office are considered filed the next business day. (Emphasis added.)

The court of appeals applied this rule in *Pratsch*, holding that "[a] notice of appeal is a paper that requires the payment of a filing fee. RULE 809.25(2)(a)1. Therefore, § 801.16(2), does not permit the filing of a notice of appeal by facsimile transmission." 201 Wis. 2d at 494–95. The *Pratsch* court reached this conclusion

661

after observing that the Judicial Council Committee Note, 1991, Wis. Stat. § 801.16(2), remarks that the rule "clarifies that papers (other than those requiring a filing fee) may be filed by facsimile transmission." *Id.* at 494.

¶ 21. The issue, then, is whether a notice of appeal is among the "papers that do not require a filing fee." To decide this issue, we must interpret the word "require," keeping in mind that "[t]he goal of rule interpretation, like that of statutory interpretation[,] is to give effect to the intent of the enacting body." *City of West Allis v. Sheedy*, 211 Wis. 2d 92, 96, 564 N.W.2d 708 (1997). Thus, we must interpret Wis. Stat. § 801.16(2) in a manner that is consistent with the manifest intent of this court. *See County of Door*, 153 Wis. 2d at 22 n.2 (Abrahamson, J., concurring).

¶ 22. The process of rule interpretation begins with the plain language of the rule. *Jadair*, 209 Wis. 2d at 195. If that language clearly and unambiguously sets forth the intent of this court, it is our duty to apply that intent and not look behind the language to discern its meaning. *Id.* If the language does not express our intent clearly and unambiguously, however, we will construe the rule expansively to harmonize with our intent of encouraging a climate in which parties can resolve their controversies on the merits. *See Peterson*, 226 Wis. 2d at 633. "The upshot of these maxims" is that when a procedural rule is ambiguous, we resolve the ambiguity in a manner that favors a determination upon the merits. *Id.*

¶ 23. Having set forth the general guidelines of rule interpretation, we proceed to our analysis of Wis. Stat. § 801.16(2). Usually, this court first looks at the

definitions of words and phrases before it will find that a statute or rule is ambiguous. *State v. Circuit Court for Jackson County*, 155 Wis. 2d 148, 156–57, 454 N.W.2d 792 (1990). In this case, Wis. Stat. § 801.16(2) does not define what it means to "require" a filing fee. When a statute or rule does not provide a definition, we construe the words according to their ordinary and plain meaning. *Swatek v. County of Dane*, 192 Wis. 2d 47, 61, 531 N.W.2d 45 (1995). Courts give nontechnical words their common and accepted meaning, and that meaning can be determined from the definition provided by a recognized dictionary. *See State v. Wittrock*, 119 Wis. 2d 664, 670, 350 N.W.2d 647 (1984).

¶ 24. An accepted definition of "require" is: "1. To have as a requisite; need. 2. To call for as obligatory or appropriate; demand. 3. To impose an obligation on; compel." *American Heritage Dictionary of the English Language* (3d ed. 1992). Thus, a notice of appeal would be a paper that "requires" a filing fee if the fee were requisite or obligatory to the appeal, or if the clerk of court could demand or compel payment of the fee as part of the process of filing the notice of appeal.

¶ 25. This dictionary definition suggests that a notice of appeal is not a paper that "requires" a filing fee for three reasons. First, in *Douglas*, 147 Wis. 2d at 336, we held that the payment of filing fees does not speak to the jurisdictional foundations of an appeal. Thus, the payment of a filing fee is not "required" for a notice of appeal because the filing fee is not an obligatory prerequisite to the jurisdiction of the court of appeals.

¶ 26. Second, an indigent person, like Sorenson, is not obligated to pay a filing fee at any stage during the appeal process. Wisconsin Stat. § (Rule) 809.25(2)(a)1, the rule upon which the *Pratsch* court

relied to find that a notice of appeal requires a filing fee, does provide that "[t]he clerk of court shall charge the following fees: 1. For filing an appeal, cross-appeal, petition for review, petition to bypass, or other proceeding, $150." For the indigent appellant, however, that fee may be waived. *See* Wis. Stat. § (Rule) 809.29(1)(d)2. Thus, as Sorenson argues, for indigent parties a notice of appeal is a "paper that does not require a filing fee." If we were to find the meaning of "require" ambiguous under these circumstances, our policy of reading procedural statutes expansively would lead us to conclude that Sorenson's notice of appeal was not defective. A reading of Wis. Stat. § 801.16(2) that allows parties to transmit notices of appeal by facsimile transmission is consistent with our intent to interpret the right to appeal liberally.

¶ 27. Third, although Wis. Stat. § (Rule) 809.25(2)(a)1 instructs clerks of court to charge a fee for the filing of an appeal, the rule does not state that the notice of appeal must be accompanied by a filing fee. Even though parties who are not indigent must pay a fee for filing an appeal, in practice many prospective appellants do not submit the fee simultaneously with their notices of appeal. Instead, clerks routinely accept mailed or personally delivered notices of appeal without filing fees, and those appeals are considered properly initiated. *See Douglas*, 147 Wis. 2d at 340. It is counterintuitive to allow parties to mail or deliver notices of appeal for filing without the simultaneous payment of fees but to prohibit parties from conveying notices of appeal by facsimile transmission for filing because the filing, although timely, is not accompanied by a fee. One might argue that Wis. Stat. § 801.16(2) precludes the filing of any paper that requires a filing fee because filing fees simply cannot be transmitted by

facsimile machine. In practice, however, the payment of the mandatory filing fee would be no different for a notice of appeal submitted by facsimile transmission than for a notice of appeal mailed or delivered to the court without payment.

¶ 28. We can identify no public policy argument that countervails our decision to allow filing via facsimile machine. The State argues that a rule that permits the filing of notices of appeal by facsimile transmission for indigent parties would undermine the uniformity of appellate procedure by treating indigent appellants more favorably than solvent ones. We agree. An interpretation of court rules that grants one category of prospective appellants additional time to file an appeal would create two ambiguous standards and generate imbalance. Our policy of resolving ambiguities in favor of promoting the resolution of disputes on the merits cautions against this result. We hold that all appellants, irrespective of financial status, should be permitted to file notices of appeal by facsimile transmission. Our decision therefore overrules *Pratsch*, 201 Wis. 2d 491.

¶ 29. This decision to apply the rule uniformly to all appellants reflects the manner in which clerks of court presently treat mailed or personally delivered notices of appeal for both indigent and non-indigent parties. Following the delivery of a notice of appeal, a clerk of court usually bills the prospective appellant's lawyer for the filing fee. *Douglas*, 147 Wis. 2d at 340–41. If the prospective appellant is indigent, he or she then seeks waiver of the fee pursuant to the indigency provisions of Wis. Stat. § 814.29(1)(d)2. Payment of the filing fee is not necessary to begin the appeal process. If a non-indigent appellant subsequently fails to pay the filing fee, the already initiated appeal may

be dismissed. *Id.* at 341 n.5 (citing Wis. Stat. § (Rule) 809.83(2)). Similarly, the appeal of an indigent party is considered filed without a fee payment, even though it remains contingent on the court's granting of the motion to waive fees. *See* Heffernan, *Appellate Practice and Procedure in Wisconsin* § 5.4.

¶ 30. In this case, the office of the clerk for the circuit court received the notice of appeal within the appropriate statutory time frame. The clerk date-stamped the facsimiled notice upon its actual receipt, and Juneau County Criminal Court Record acknowl-edged the delivery of the notice of appeal on the date on which Sorenson's attorney transmitted the facsimile. The clerk of court transmitted the notice of appeal to the clerk of the court of appeals, stating that the notice was filed on October 27, 1998. The record does not reveal that the filing by facsimile caused any harm to the opposing party. The notice of appeal served its pur-pose of alerting both the courts and the State to Sorenson's intention to seek redress from the court's final order.

¶ 31. Finally, the State contends that Sorenson cannot invoke Wis. Stat. § 801.16(2) because he failed to demonstrate that a local court rule or a judge approved the facsimile transmission. This construction of the rule is too restrictive. Wisconsin Stat. § 801.16(2)(c) provides that "[t]he party or attorney, by filing papers by facsimile transmission, certifies that permission of the judge or court for filing by facsimile transmission has been granted." The rule does not place the burden on Sorenson to show that he secured the permission of the local court. Rather, Sorenson's attorney, by filing the notice of appeal via facsimile transmission, certified that the Juneau County Court had granted the permission. Moreover, the cover letter

Sorenson's attorney submitted with the notice of appeal buttressed the certification by the attorney. The letter states that the attorney transmitted the notice "[p]ursuant to [the attorney's] discussion with a clerk in [the] office." Construing the procedural rule in a manner that favors Sorenson's appeal, we find that the filing of the notice of appeal by facsimile transmission certified that the attorney had been granted the permission of the judge or the court under Wis. Stat. § 801.16(2)(c), and the declaration in the cover letter supported that certification. The State, of course, could have challenged that certification, but it then would have had to meet its burden by showing that Sorenson's attorney did not, in fact, receive permission to file by facsimile transmission from the judge or pursuant to a local rule.

¶ 32. By now, facsimile machines are a commonly accepted tool for the transmission of papers between offices in both private and public businesses. Like other sectors, the legal community increasingly relies on facsimile machines to effectuate the timely conveyance of documents. Facsimile technology enables lawyers to file documents expeditiously when the hasty approach of deadlines renders timely delivery by mail uncertain, or delivery in person impossible. The opportunity to make use of this technology is particularly convenient for lawyers who, like Sorenson's attorney, must file documents in courts some distance from their office.

¶ 33. Despite our expansive reading of procedural statutes, we nonetheless emphasize that the statutory right to appeal hinges upon the timely filing of a notice of appeal. Prospective appellants should be acutely aware that failure to submit a notice of appeal in a timely manner renders the appeal fatally defec-

tive. The timely filing of a notice of appeal is necessary to secure the jurisdiction of the court of appeals. Given the irrevocability of this requirement, it is good practice for attorneys to file notices of appeal within a time frame that does not jeopardize their clients' right to appeal. We therefore urge attorneys to avoid last-minute mishaps by filing such notices before the deadline.

¶ 34. We also caution that our decision today does not alter the rules governing the filing fees nonindigent parties must pay for appeals. The perfection of an appeal remains contingent upon payment of the fee or a waiver of that fee by the court. Although failure to pay the fee at filing does not affect the jurisdiction of the court, failure to pay the filing fee promptly prevents the appeal from going forward and is grounds for dismissal of the appeal. *See* Wis. Stat. § (Rule) 809.83(2).

¶ 35. Similarly, our rule to allow parties to file notices of appeal by facsimile transmission does not mean that all documents can be transmitted by facsimile to the offices of the clerks of court. Papers that still require the payment of a fee at the time of filing cannot be filed by facsimile pursuant to Wis. Stat. § 801.16(2). In addition, under § 801.16(2)(a)–(c), parties seeking to file papers by facsimile transmission must secure permission to do so under either a local court rule or from the circuit court judge.

¶ 36. In conclusion, we hold that a notice of appeal is not a paper that "requires" a filing fee. A notice of appeal is a paper that may be filed by facsimile transmission under Wis. Stat. § 801.16(2). Sorenson's notice of appeal was filed on October 27, 1998, the date on which the clerk of the circuit court actually received the facsimile transmission. The court of appeals there-

fore obtained jurisdiction over this appeal. Accordingly, we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.