**COURT OF APPEALS
DECISION
DATED AND FILED**

**October 11, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2020AP1934**

**STATE OF WISCONSIN**

Cir. Ct. No.  2019CV121

**IN COURT OF APPEALS
DISTRICT III**

ROBIN ZAHRAN AND KAREN ZAHRAN,

   PLAINTIFFS-APPELLANTS,

 V.

LOANDEPOT AND APPRAISAL MANAGEMENT COMPANIES
REAL ESTATE VALUATION PARTNER,

   DEFENDANTS-RESPONDENTS.

APPEAL from orders of the circuit court for Door County: D. T. EHLERS, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Robin Zahran and Karen Zahran, pro se, appeal from two summary judgment orders that dismissed their claims against loanDepot and Appraisal Management Companies Real Estate Valuation Partners for breach of contract, fraud, alleged violations of the Consumer Protection Act, conspiracy, and negligence. The claims all arose from the Zahrans' application for a residential mortgage. The circuit court concluded that none of the claims were viable because the Zahrans did not hold title to the property they sought to encumber with the mortgage.

¶2 On appeal, the Zahrans challenge both the merits of the circuit court's decisions and the procedures the court employed. The respondents move for sanctions against the Zahrans for filing a frivolous appeal. In response, the Zahrans seek sanctions against the respondents for misrepresenting the record and making frivolous arguments in their response briefs and their motion for sanctions. We conclude that the court properly dismissed the Zahrans' claims. We further conclude that neither the Zahrans' appeal nor the respondents' response briefs and motions for sanctions are frivolous. Accordingly, we affirm the summary judgment orders but deny the cross-motions for sanctions.

## BACKGROUND

¶3 In 2003, Robin Zahran created a living trust into which significant assets were subsequently transferred, including title to the Bayshore Drive property that is at the center of this lawsuit. The trust identified Robin, Karen, and their three children as income beneficiaries of the trust under various scenarios and named Abbas Zahran as the trustee. Relevant to this appeal, Paragraph IX.A.5. of the trust expressly assigned to the trustee the power to mortgage trust assets as security for a loan. Subsections X.A. and X.D. of the trust provided that a

2

majority of then-current income beneficiaries could "remove any acting trustee at any time by written notice to that trustee (including the effective date of removal)." Subsections XI.A. and XI.B. of the trust reserved to Robin the right to revoke the trust, in full or part, or to amend any terms of the trust by written instrument. Subsection XIII.A. provided that the Zahrans would have the "sole right to the possession and use of … all real property held by this trust" and occupied by the Zahrans as residences (except to the extent "considered not practical or advisable" by the trustee), while the trustee would have the obligation of making timely payment of taxes, insurance, and maintenance costs (unless relieved of that obligation by Robin).

¶4 In 2017, the Zahrans applied to loanDepot for a $600,000 residential mortgage loan to refinance an existing mortgage on the Bayshore Drive property. The loan application stated that the title "will be held" in the Zahrans' names as "trustee on trust" and estimated the value of the property to be $1,000,000. The trust was not listed as a borrower on the application, and the application was not signed by the trustee, although the trust still held title to the property at that time.[1]

¶5 loanDepot hired Appraisal Management to conduct an appraisal of the Bayshore Drive property. Appraisal Management estimated the value of the property to be $650,000. Citing guidelines governing the necessary loan-to-value ratio, loanDepot then refused to loan the Zahrans $600,000 and instead offered to loan them $453,000. After the Zahrans' attempts to challenge the appraisal failed, the Zahrans, pro se, filed this lawsuit.

---

[1] Abbas Zahran executed a Trustee's Deed transferring title of the property to the Zahrans in 2018, after loanDepot had already denied the loan application.

¶6      loanDepot moved for summary judgment on August 6, 2020, alleging that the Zahrans were not entitled to relief on any of their claims because they did not hold title to the property they sought to mortgage when they applied for the loan.  On August 25, 2020, loanDepot filed a motion seeking to compel discovery.  On August 26, 2020, the circuit court issued a notice for a motion hearing to be held on September 9, 2020.[2]  The Zahrans did not file a response to loanDepot's summary judgment motion prior to the hearing.  On the day of the hearing, Appraisal Management filed its own motion for summary judgment, alleging that the Zahrans could not have been damaged by an appraisal performed in connection with an invalid loan application.

¶7      At the hearing, the circuit court orally granted loanDepot's summary judgment motion on the basis that the Zahrans were not the titled owners of the property at the time they applied for the loan.  The court gave the Zahrans twenty days to respond to Appraisal Management's summary judgment motion, but it denied the Zahrans' request to file additional materials in response to loanDepot's summary judgment motion.  The Zahrans then submitted affidavits and other materials in support of a joint response to Appraisal Management's summary judgment motion and a motion "to vacate the order of loanDepot Dismissal Based Upon Fraud Upon the Court."  The court subsequently entered written orders granting both summary judgment motions, from which the Zahrans now appeal.

---

[2] Although the hearing notice is not included in the appellate record, its existence is reflected in docket entries, and the circuit court described it at the motion hearing.

**DISCUSSION**

¶8      The Zahrans first challenge the adequacy of the notice they received for the summary judgment hearing. Specifically, they allege that the notice did not comply with WIS. STAT. §§ 802.10(3) and 802.08(2) (2019-20).[3]      We independently review the interpretation and application of procedural court rules and statutes to a given set of facts. *State v. Sorenson*, 2000 WI 43, ¶15, 234 Wis. 2d 648, 611 N.W.2d 240.

¶9      WISCONSIN STAT. § 802.10(3) provides circuit courts with the discretionary authority to issue scheduling orders setting dates for the parties to perform a variety of actions. Section 802.10(3) does not require a circuit court to enter any scheduling order, however, and it has no bearing on the adequacy of the notice given for a particular hearing.

¶10      WISCONSIN STAT. § 802.08(2) states that a motion for summary judgment shall be served at least twenty days before the scheduled hearing and that any opposing affidavits shall be filed at least five days before the hearing. Here, loanDepot's summary judgment motion was filed and served on August 6, 2020, thirty-four days before the hearing held on September 9, 2020. The circuit court's order for the motion hearing issued on August 26, 2020, provided sixteen days' notice of the motion hearing—more than enough time for Zahrans to meet their statutory deadline to file any opposing affidavits at least five days before the hearing. There is nothing in the record to support the Zahrans' contention that the

---

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

5

language of the hearing notice was confusing or misleading. We therefore conclude that the notice was adequate.

¶11 The Zahrans next challenge the circuit court's refusal to extend their time to submit written materials in opposition to loanDepot's summary judgment motion. However, the Zahrans did not present the court with any facts that would excuse their failure to file their materials at least five days before the hearing. Moreover, the materials the Zahrans subsequently submitted did not create any factual dispute regarding the dispositive fact relied upon by the court—namely, that the trust held title to the Bayshore Drive property at the time the Zahrans applied for a mortgage on the property. Therefore, even if the court had somehow erred in refusing to consider the Zahrans' summary judgment materials in relation to loanDepot's motion, any such error would have been harmless. *See* WIS. STAT. § 805.18(2) (providing that this court will not reverse a judgment "for error as to any matter of … procedure" unless "after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment").

¶12 The same harmless error analysis applies to the Zahrans' additional claim that the circuit court should have resolved any pending discovery disputes before addressing the summary judgment motions. That is, the Zahrans have not identified any potential discovery items they were seeking that would affect the ultimate basis for the summary judgments. In short, given the Zahrans' material admission that they were not the title holders of the property, there was no reason for discovery to continue.

¶13 We turn next to the merits of the summary judgment decisions. This court reviews summary judgment decisions de novo. *Palisades Collection LLC v.*

*Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503. We examine the pleadings and materials submitted by the parties to determine whether there are material facts in dispute that would entitle the party opposing summary judgment to trial. *Id.*; WIS. STAT. § 802.08(2).

¶14 The Zahrans do not dispute that the Bayshore Drive property was titled under the name of the trust. They nonetheless contend that they were the "legal and equitable" owners of the property—and therefore entitled to encumber the property—based upon the terms of the trust granting them sole use and enjoyment of the property and the rights to unilaterally revoke or amend the trust or remove the trustee. They rely upon cases such as *Penterman v. Wisconsin Elec. Power Co.*, 211 Wis. 2d 458, 480-81, 565 N.W.2d 521 (1997), for the proposition that a party may have a recognizable "interest" in property to which he or she has what the Zahrans characterize as a "legitimate claim of entitlement," even if the party's name does not appear on the title.

¶15 Having an "interest" in a property, however, is not the same thing as having the right to encumber it. None of the terms of the trust to which the Zahrans point confer upon them the legal or equitable right to encumber the Bayshore Drive property titled in the name of the Trust. To the contrary, the plain language of the trust bestows that right exclusively upon the trustee. While the Zahrans had the authority to amend that provision, or to replace the trustee with themselves, they took no steps to do so prior to applying for the refinancing mortgage.

¶16 Because the Zahrans had no legal or equitable right to encumber the Bayshore Drive property, either as title holders or under the terms of the trust, their mortgage application was necessarily invalid. It follows that none of their

claims against loanDepot and Appraisal Management for breach of contract, fraud, alleged violations of the Consumer Protection Act, conspiracy, and negligence arising out of the mortgage application were viable. Therefore, the circuit court properly dismissed the claims on summary judgment.

¶17     Finally, while we find little merit in the Zahrans' pro se appeal, we decline loanDepot's request to find their appeal frivolous and to award it costs and attorney's fees in this appeal. The Zahrans' arguments are sufficiently tied to arguments of procedural and substantive errors such that we cannot say they are wholly without potential merit or made in bad faith. We also decline the Zahrans' cross-motion for sanctions because the respondents' arguments were meritorious.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.